UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| PHYLLIS ANNETTE CAUDILL, | ) |
| Plaintiff, | ) Civil Action No. 5: 23-321-DCR |
| V. | ) |
| WALMART STORES EAST, L.P., | ) **MEMORANDUM OPINION** |
| Defendant. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Walmart Stores East, L.P.'s Motion for Partial Summary Judgment concerning the plaintiff's claim for punitive damages. [Record No. 38] The motion will be granted for the reasons outlined below.

**I.**

On September 7, 2022, Plaintiff Phyllis Caudill visited the Walmart store in Richmond, Kentucky, to purchase an anniversary card for her significant other, Mark Cole. [Record No. 38-3] Upon entering the store during the noon hour, Caudill went to Aisle F14 (the greeting card aisle) where she slipped and fell on grapes and water on the floor. Caudill claims that she landed in a split position, which caused injury to her sacrum, left foot, and head. [Record No. 39-1] She also claims that she was bleeding from her elbow, foot, and head because of the fall. [*Id.*]

Following the fall, Caudill contacted Cole to ask that he pick her up. [*Id.*] While she was waiting, the store manager and several associates tended to her care. [*Id.*] The plaintiff testified that the associates were "very empathetic and worried" and that the manager, Tony,

- 1 -

"was very nice." [*Id.*] Caudill further testified that the Walmart employees helped her get up, "asked if she needed an ambulance, brought her a chair, and assisted her to the car." [*Id.*] When asked in her deposition whether she took any issue with the employee's actions, the plaintiff stated that she did not and that she just wanted her medical bills to be covered. [*Id.*]

Caudill did not go to the hospital immediately because she believed she had injured her tailbone and was under the impression that "there's not much you can do if you break your tailbone." [*Id.*] Eventually, however, she went to the emergency room on September 16, 2022. [Record No. 38-3]

## II.

Summary judgment is appropriate if, based on the pleadings, discovery materials, and other documents in the record, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court may not weigh the evidence or make credibility determinations but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *see also Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015).

In reviewing a motion for summary judgment, the court must view all facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). If "the record taken as a whole could not lead a rational tried of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment is proper. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the initial burden of

demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co. Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The moving party can meet its burden by showing "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

If a moving party can meet its burden of production, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" and "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the non-moving party cannot "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' the moving party is entitled to judgment as a matter of law." [*Id.*]

### III.

The defendant has moved for summary judgment regarding the plaintiff's punitive damages claim. Punitive damages are damages "other than compensatory and nominal damages, awarded against a person to punish and to discourage him and others from similar conduct in the future." KRS § 411.184(1)(f). Under Kentucky law, "[a] plaintiff shall recover punitive damages only upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice." KRS § 411.184(2). Clear and convincing evidence "requires a party with the burden of proof to produce evidence substantially more persuasive than preponderance of the evidence but not beyond a reasonable doubt." *Glodo v. Evans*, 474 S.W.3d 550, 554 (Ky. 2015). The

burden is on the plaintiff to show the defendant acted toward the plaintiff "with oppression, fraud, or gross negligence." *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998).

Gross negligence "is a conscious and voluntary act or omission which is likely to result in grave injury when in face of clear and present danger of which the alleged tortfeasor is aware." *Sparks v. Re/Max Allstar Realty, Inc.*, 55 S.W.3d 343, 348 (Ky. Ct. App. 2000). It is a "wanton or reckless disregard for the lives, safety, or property of others." *Saint Joseph Healthcare, Inc. v. Thomas*, 487 S.W.3d 864, 870 (Ky. 2016). Courts examine whether the underlying conduct is "'outrageous' in character, not whether the injury was intentionally or negligently inflicted." *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389 (Ky. 1985).

Here, the plaintiff has failed to offer a sufficient basis to support a claim for punitive damages. Caudill's testimony demonstrates the employees at Walmart acted with ordinary care in tending to her following the slip and fall. [Record No. 38-3] Further, the record is devoid of any evidence that the defendant's employees knew of the spilled water and grapes and chose not to take any action to clean up the mess, thereby intentionally exposing Caudill to an unreasonable risk.

Caudill notes that a business owner "must also act reasonably to inspect the premises to discover possible dangerous conditions of which he does not know and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use of the property." *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 433 (2003). Walmart's policy for ensuring the safety of its patrons is that "[e]veryone in the store, every associate, every member of management is responsible for keeping an eye on the floors to make sure that everyone is safe." [Record No. 41-1] Further, store manager Anthony Bryant testified that

"routine sweeps" are regularly conducted throughout the entire store while staff looks for debris. [Record No. 41-2]  Store employees are also assigned to various locations to monitor conditions throughout the store based on the frequency with which certain areas are trafficked. [Record No. 39-3] But Caudill contends that such actions are insufficient.  She argues that, without a fixed schedule for employees to monitor various areas, "Walmart has no ability to ensure that the requisite areas of the store, even low traffic areas, were cleaned and monitored, leaving spills potentially unattended for hours." [Record No. 39]

The subject accident occurred in the section of the store where greeting cards were sold, and Bryant testified that this is not an aisle that would typically have associates routinely monitoring it.  [Record No. 39-3] Despite the fact an injury did occur, the defendant's system is not unreasonable.  Employees at large stores such as the defendant's need to respond to customer needs in real time, and it is reasonable to give employees the flexibility to be present in certain areas where they are more regularly needed than in other, less visited areas.  And even if the store were to impose a regular schedule where employees were required to monitor every aisle, it is possible that an invitee could be injured between inspections.  It is impossible to eliminate all risk of injury and, even if not completely effective, the steps taken by the defendant in this case show it was acting reasonably.

The defendant argues in its reply that summary judgment is appropriate because, even if the plaintiff were to take additional discovery, it would not create an issue of fact regarding punitive damages.  The defendant correctly notes that the case was filed on August 21, 2023, and has been pending for eighteen months.  Discovery is nearly completed.  In fact, the only outstanding items concern the plaintiff's medical condition. And these records do not pertain to the reason for the accident.

The record does not contain any evidence, much less clear and convincing evidence, of the type of oppression, fraud, or gross negligence necessary to show the defendant's actions warrant a punitive damages award. And Caudill has not identified any intentional conduct that would demonstrate a reckless disregard for her safety.

## IV.

Based on the foregoing, it is hereby

**ORDERED** that Defendant Walmart Stores East, L.P.'s Motion for Partial Summary Judgment [Record No. 38] is **GRANTED**.

Dated: February 28, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky